IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2003

## STATE OF TENNESSEE v. GARRETT NICHOLAS SONS

**Direct Appeal from the Criminal Court for Loudon County**
**No. 10,419C     E. Eugene Eblen, Judge**

**No. E2003-01082-CCA-R3-CD**
**November 21, 2003**

The defendant pled guilty to aggravated robbery and felony evading arrest. The trial court ordered the sentences for the offenses committed in Loudon County to be served consecutively to a sentence for robbery in Knox County. The defendant contends on appeal that the trial court erred in imposing consecutive sentencing. The trial court did not err in imposing consecutive sentencing because the defendant was on probation when the current offenses were committed. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Mary K. Longworth, Loudon, Tennessee, for the appellant, Garrett Nicholas Sons.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Daryl Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Garrett Nicholas Sons, pled guilty to aggravated robbery (Class B felony) and evading arrest (Class D felony). The trial court sentenced the defendant to concurrent sentences of twelve years on the aggravated robbery conviction and three years on the felony evading arrest conviction. The trial court reserved judgment on whether the sentence should be served consecutively to an eight-year sentence for a robbery conviction in Knox County. Following a sentencing hearing, the trial court ordered the current sentences to be served consecutively to the eight-year sentence received in Knox County, for a total effective sentence of twenty years. This appeal timely followed. The defendant contends on appeal that the trial court erred in imposing consecutive sentencing. The judgments of the trial court are affirmed.

**Facts**

The defendant pled guilty to robbery in Knox County on June 25, 2001, and was sentenced to eight years probation. On September 15, 2001, the defendant, along with two co-defendants, traveled to Loudon County and went to a local motel. The defendant took currency in the amount of $563 from an employee of the motel without his consent, putting him in fear with the use of an item used in such a way as to suggest that it was a deadly weapon. The defendant left the scene in a vehicle and fled from law enforcement officers, causing risk of death or injury to innocent bystanders or other persons on the road. The defendant was later arrested and pled guilty to aggravated robbery and felony evading arrest. Finding that the defendant was on probation for the robbery in Knox County when the Loudon County offenses were committed, the trial court ordered the sentences to be served consecutively to the Knox County sentence.

**Analysis**

The defendant contends on appeal that the trial court erred in ordering the Loudon County sentence to be served consecutively to the Knox County sentence. A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When a defendant appeals the length, range, or manner of service of his or her sentence, it is this Court's duty to conduct a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of the following statutory criteria apply:

(1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) [t]he defendant is an offender whose record of criminal activity is extensive;

(3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the

time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

If the court concludes the defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4), it must make two further determinations in addition to applying general sentencing principles. State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). First, it must find an extended sentence is necessary to protect the public from further criminal conduct by the defendant, and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are unnecessary for the other categories of Tennessee Code Annotated section 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

The defendant contends that the trial court erred because it did not make the specific factual findings required by Wilkerson. As noted above, such findings are only necessary if the court bases consecutive sentencing on the dangerous offender category of Tennessee Code Annotated section 40-35-115(b). In this case, the trial court imposed consecutive sentencing because the defendant was on probation when the current offenses were committed and made no mention of the dangerous offender category. The record clearly supports this finding by the trial court. The defendant's argument is without merit.

## Conclusion

The trial court did not err in imposing consecutive sentencing because the defendant was on probation when the current offenses were committed. Based on the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE